ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JARED S. BUSZIN (NYBN 5285838)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7199
    FAX: (415) 436-7234
    Jared.Buszin@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> MARK DAVID ANDERSON, <br>     Defendant. | CASE NO. 3:22-CR-00392-001 TLT <br><br> **UNITED STATES' SENTENCING MEMORANDUM** |

## INTRODUCTION

On December 16, 2022, the defendant pleaded guilty to Count One of the Information charging him with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). Dkt. 57, 75. For the reasons set forth below and consistent with Probation's recommendation, a sentence of 18 months' imprisonment, followed by 3 years of supervised release, is sufficient but not greater than necessary in light of the factors set forth in 18 U.S.C. § 3553(a). Pursuant to the parties' stipulation, the Court should also order that the defendant pay $605 in restitution to the bank that he robbed, as required by the Mandatory Victim Restitution Act.

**I.    THE OFFENSE AND OTHER RELEVANT CONDUCT**

The government agrees with the description of the offense conduct set forth in the Presentence

Report ("PSR") prepared by Probation. PSR ¶¶ 6-9. In short, on November 7, 2020, the defendant approached a bank teller at a San Francisco Wells Fargo branch, brandished a knife while at the counter, and demanded that the teller give him money. *Id.* The teller, who was fearful and shaken, complied with the defendant's demand, at which point the defendant walked out of the bank with $605. *Id.*

Two days after the defendant committed the armed robbery charged in this case, he committed another robbery at a San Francisco branch of East West Bank. *Id.* ¶ 34. Although the defendant did not possess or brandish a weapon in connection with that robbery, he told the bank teller that someone outside the bank had a firearm. *Id.* The bank teller—who was shaken and fearful for her safety—gave the defendant money in response to his demand and then gave the defendant more when he demanded that she do so. *Id.* The defendant walked out of East West Bank that day with $335. *Id.*

## II.  SENTENCING GUIDELINES CALCULATION

The government agrees with Probation's calculation of the applicable Guidelines range. PSR ¶¶ 19-33, 82. The defendant's base offense level is 20 pursuant to U.S.S.G. § 2B3.1(a). A two-point increase pursuant to U.S.S.G.§ 2B3.1(b)(1) applies because the defendant took the property of a financial institution (i.e., Well Fargo), and a three-point increase pursuant to U.S.S.G. 2B3.1(b)(2)(E) applies because the defendant possessed and/or brandished a dangerous weapon (i.e., a knife). The government also agrees that the defendant is entitled to a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The defendant has no prior convictions and he therefore falls within Criminal History Category I. The applicable Guidelines range is 41-51 months' imprisonment for a defendant in Criminal History Category I where the final offense level is 22.

## III.  SENTENCING RECOMMENDATION

### A.  Legal Standard

The Court should impose a sentence that is sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in § 3553(a). *Id.* at 991-93. The factors that the Court must consider include:

(1)     The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)     The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)     The need for the sentence imposed to protect the public from further crimes of the defendant;

(5)     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6)     The need to provide restitution to any victims of the offense.

**B.     Recommended Sentence and Section 3553(a) Factors**

Upon consideration of the Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully agrees with Probation's recommendation that the Court vary down and impose a below-Guidelines sentence of 18 months' imprisonment, to be followed by 3 years of supervised release. The parties have also agreed that the defendant shall pay restitution in the amount of $605, which will be paid in monthly installments of $40. Dkt. 77; *see also* 18 U.S.C. § 3663A(a), (b).

As set forth in the PSR, the defendant appears to have had a turbulent life[1] and currently suffers from several conditions impacting his mental, emotional, and physical health.[2] PSR ¶¶ 38-73. These circumstances support a significant downward variance. Nevertheless, the government and Probation agree that a sentence of 18 months in custody—which reflects a downward variance of 23 months or less than half the low end of the Guidelines range—is warranted in this case.

The nature and circumstances of the charged offense are serious. The defendant brandished a

---

[1] Aside from the mental and physical conditions that have been identified by Dr. Gregory and other health practitioners who have treated and/or diagnosed the defendant, the government notes that much of the information in the PSR regarding the defendant's background is self-reported and uncorroborated. To that end, the government notes that the defendant's sister expressed concerns regarding the defendant's honesty. *See* PSR ¶ 52; *see also id.* ¶ 41. Dr. Gregory also observed that some of the defendant's statements to her were "self-serving." *Id.* ¶ 65.

[2] In addition to the PSR, further details regarding the defendant's background and health are set forth in the Neuropsychological Assessment Report prepared by Dr. Amanda Gregory, which was previously filed with the Court in advance of the defendant's change of plea. Dkt. 70-1.

UNITED STATES' SENTENCING MEMO.     3
3:22-CR-00392-001 TLT

deadly weapon while he was within a few feet of a bank teller and demanded that she give him money, which the teller did while fearing for her safety.  This robbery was also not an isolated incident.  Just two days later, the defendant robbed another bank and told the teller there that someone was outside with a firearm.  A custodial sentence of 18 months is appropriate here to reflect the seriousness of the offense, promote respect for the law, and account for the nature and circumstances of the offense.

The sentence recommended by the government and Probation would also adequately account for both specific and general deterrence.  As to specific deterrence, while the defendant has expressed a fear regarding the prospect of future incarceration, a sentence that provides for an additional period of incarceration is necessary to ensure the defendant truly understands that criminal conduct carries serious consequences.  Such a sentence would also align with Dr. Gregory's conclusion that "promoting accountability" is an important consideration with respect to the defendant.  PSR ¶ 64.  The need for the defendant's sentence to promote general deterrence also supports a custodial sentence of 18 months, particularly given the seriousness of the charged offense of armed bank robbery.

The need to avoid unwarranted sentencing disparities also counsels in favor of imposing a sentence in line with the government's recommendation.  The government recognizes that the PSR presents numerous mitigating circumstances.  But the defendant is not unique among those convicted of armed bank robbery in that regard.  And to that end, as noted in the PSR, during the last five fiscal years, the average and median sentences for defendants who had the same final offense level and criminal history category as the defendant were 37 and 41 months' imprisonment, respectively.  PSR ¶ 98.  In addition, 97% of such defendants received a sentence that included at least some period of incarceration. *Id.*

Finally, the government recommends that the Court impose a 3-year term of supervised release in this case. While Pretrial Services reports that the defendant has "done well overall" under supervision, Dkt. 72, the government has concerns regarding the defendant's history of alcohol abuse and the fact that there have been seven known instances when he has used alcohol in violation of his conditions of release, PSR ¶ 69, Dkt. 29 & 52.  Although the defendant may come across as "kind" and "shy," PSR ¶ 52, the record suggests that his demeanor can take a dark turn when he is under the influence of alcohol.  As Dr. Gregory observed, "records…suggest that the defendant can become

belligerent, demanding and angry/hostile when drinking" and alcohol consumption could "further compromise his already impaired emotion regulation and impulse control."[3] PSR ¶ 71. A 3-year term of supervised release would provide the defendant with an additional layer of supervision and accountability that would protect the public from potential future misconduct.

## CONCLUSION

For the foregoing reasons, the government respectfully recommends that the Court vary downward and impose a sentence of 18 months imprisonment and 3 years of supervised release, subject to the conditions proposed by Probation. The defendant shall also pay mandatory restitution in the amount of $605, as well as a mandatory special assessment of $100.[4]

DATED: March 24, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Jared Buszin*
JARED S. BUSZIN
Assistant United States Attorney

---

[3] As noted in the PSR, the defendant's alcohol consumption may have played a role in at least one of the two November 2020 bank robberies. *See* PSR ¶ 66.

[4] Counsel for the defendant requests that the Court continue the sentencing date if it is not inclined to impose a non-custodial sentence at this time. Dkt. 78 at 6. The government does not object to a continuance of the sentencing date to the extent the defendant expects to receive a final diagnosis in the near future.